******************************************************

    The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CAROLINA CASUALTY INSURANCE COMPANY *v.*
# CONNECTICUT SOLID SURFACE, LLC
## (AC 43215)

Prescott, Cradle and DiPentima, Js.

*Syllabus*

The defendant and cross claim plaintiff appealed from the summary judg-
ment rendered in favor of K, the cross claim defendant. K had repre-
sented B Co., a servicing agent for the plaintiff, in a previous breach of
contract action against the defendant. The defendant filed a counter-
claim against B Co. in that action, and both claims subsequently were
dismissed by agreement of the parties. Thereafter, the plaintiff sought
to recover damages from the defendant for breach of contract in connec-
tion with certain unpaid premiums on an insurance policy. After the
trial court granted the defendant's motion to cite in K as a third-party
defendant, the defendant filed a cross complaint against K for vexatious
litigation in relation to the B Co. action. The court subsequently granted
K's motion for summary judgment and rendered judgment thereon, and
the defendant appealed to this court. *Held* that the trial court properly
rendered summary judgment in favor of K on the defendant's vexatious
litigation claim; the defendant failed to demonstrate the existence of a
genuine issue of material fact regarding whether B Co.'s action had
terminated in its favor, the defendant having failed to present any evi-
dence that tended to demonstrate that fact, and there was undisputed
evidence in the form of the defendant's admission, which it never sought
to withdraw or amend, that it would not have agreed to a dismissal of
its counterclaim against B Co. if it did not receive in exchange a dismissal
of B Co.'s claim, which constituted a contractual agreement supported
by consideration akin to a negotiated settlement of that action.

Argued February 16—officially released September 14, 2021

*Procedural History*

Action to recover damages for breach of contract,
and for other relief, brought to the Superior Court in
the judicial district of New Britain, where the court,
*Hon. Joseph M. Shortall*, judge trial referee, granted
the defendant's motion to cite in Howard Kantrovitz as a
third-party defendant; thereafter, the named defendant
filed a cross complaint against Howard Kantrovitz; sub-
sequently, the court, *Gleeson, J.*, granted the motion
for summary judgment filed by Howard Kantrovitz and
rendered judgment thereon, from which the named
defendant appealed to this court. *Affirmed.*

*Taryn D. Martin*, with whom, on the brief, was *Robert
A. Ziegler*, for the appellant (named defendant).

*Jane S. Bietz*, with whom, on the brief, was *Carmine
Annunziata*, for the appellee (defendant Howard Kan-
trovitz).

*Opinion*

PRESCOTT, J. An essential element of a claim of vexatious litigation is that the prior civil action underlying the claim must have *terminated in favor of the proponent of the claim*. See *Blake* v. *Levy*, 191 Conn. 257, 263, 464 A.2d 52 (1983). The dispositive issue in the present appeal is whether a prior action that ended in the summary dismissal of the action by agreement of the parties constitutes such a favorable disposition. We conclude that it does not.

The defendant and cross claim plaintiff, Connecticut Solid Surface, LLC (CT Solid Surface), appeals from the summary judgment rendered on its vexatious litigation cross claim by the court in favor of the cross claim defendant, Attorney Howard Kantrovitz.[1] It claims that the court improperly concluded that Kantrovitz was entitled to judgment as a matter of law because CT Solid Surface had failed to demonstrate the existence of a genuine issue of material fact regarding whether the prior action underlying the vexatious litigation cross claim had terminated in its favor, particularly in light of undisputed evidence that the parties to the prior action had reached a settlement that resulted in the court's dismissal of that action.[2] We affirm the judgment of the court.

The record before the court established the following undisputed facts and procedural history. Prior to the filing of the action underlying the present appeal, Kantrovitz, on behalf of his client, Berkley Net Underwriters, Inc. (Berkley), a servicing agent for Carolina Casualty,[3] commenced a civil action against CT Solid Surface to collect certain unpaid premiums that CT Solid Surface allegedly owed on a workers' compensation insurance policy issued by Carolina Casualty. See *Berkley Net Underwriters*, *Inc.* v. *Connecticut Solid Surface*, *LLC*, Superior Court, judicial district of New Britain, Docket No. CV-16-6034163-S. CT Solid Surface filed a motion to dismiss that prior action, arguing that Berkley was not the proper party to bring the action because it was not a legal entity registered to do business in the state nor was it registered with the insurance commissioner. Although Berkley filed a motion for permission to substitute Carolina Casualty as the proper party plaintiff, the court denied that motion.[4] CT Solid Surface thereafter filed a counterclaim against Berkley asserting violations of the Unauthorized Insurers Act, General Statutes § 38a-271 et seq., the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-815 et seq. Berkley filed a motion to dismiss the counterclaim in which it argued that (1) the court lacked subject matter jurisdiction because the counterclaim was brought against a nonexistent entity, and (2) the causes of action all fell outside of the applicable statute of limitations. On July 24, 2017, the court,

*Young*, *J.*, issued notice disposing of the parties' motions to dismiss without discussing the merits, indicating in its order that each was "[g]ranted by agreement of the parties."

Carolina Casualty commenced the underlying action against CT Solid Surface on June 30, 2017, seeking the same unpaid premiums sought in the prior action. The court granted CT Solid Surface's motion to cite in Kantrovitz as an additional defendant. CT Solid Surface thereafter filed a cross complaint against Kantrovitz asserting a claim of vexatious litigation with respect to the prior action.[5] According to CT Solid Surface, Kantrovitz' failure to investigate properly whether Berkley was the correct party to maintain the prior action led to the filing of an unnecessary civil action, against which CT Solid Surface was required to expend both time and money to defend.

On February 1, 2019, Kantrovitz filed a motion for summary judgment on the cross complaint. He argued, in relevant part, that "[t]he undisputed material facts, including [CT Solid Surface's] own admissions, demonstrate that the underlying action did not terminate in favor of [CT Solid Surface]. Rather, the underlying action was settled by agreement of both parties to dismiss their claims against each other." Because a favorable termination of the prior action is an essential element of a vexatious litigation claim, Kantrovitz argued that CT Solid Surface's cross claim failed as a matter of law.

In support of his argument, Kantrovitz submitted CT Solid Surface's responses to the request for admissions as an exhibit. Part of those responses included CT Solid Surface's admission that "a settlement agreement was reached in the [prior action], in which the parties agreed to resolve their claims by mutual releases and both parties withdrawing their claims." Although it is undisputed that mutual releases never were executed and withdrawals of the complaint and counterclaims were never filed, Kantrovitz also submitted in support of his motion for summary judgment a transcript from a hearing in the prior action on the parties' motions to dismiss, at which Attorney Jared Alfin, who had replaced Kantrovitz as counsel for Berkley and who also represented Carolina Casualty, appeared and advised the court that "[t]he parties have spoken about this matter and we have agreed to have confirmation be e-mailed that both motions can be granted today."[6] Moreover, in its responses to the request for admissions filed in the present case, CT Solid Surface admitted that it "would not have agreed to a dismissal of its counterclaim against [Berkley] if [CT Solid Surface] did not *receive, in exchange*, a dismissal of [Berkley's] claims against it." (Emphasis added.)

CT Solid Surface filed an objection to Kantrovitz' motion for summary judgment. It did not challenge the

validity of the evidence submitted by Kantrovitz, but only the legal conclusions to be drawn from that evidence. It acknowledged that the law in Connecticut is that a civil action that ends in a negotiated settlement is not considered to have terminated in favor of either party and, thus, cannot support a subsequent vexatious litigation claim. See *Blake* v. *Levy*, supra, 191 Conn. 264. It argued, however, that courts have stated that a final determination on the merits is not necessary to satisfy the favorable termination requirement and that proof of a dismissal or abandonment of a prior action is sufficient "so long as the proceeding has terminated without consideration." *DeLaurentis* v. *New Haven*, 220 Conn. 225, 251, 597 A.2d 807 (1991). CT Solid Surface maintained that the only "negotiated settlement" was the one in which the parties agreed to exchange mutual releases and withdrawals, which never occurred.

Following a hearing, the trial court granted Kantrovitz' motion for summary judgment on the vexatious litigation cross claim. It concluded that CT Solid Surface had not presented any evidence that tended to demonstrate that the prior action had terminated in its favor because the undisputed evidence showed that the parties had exchanged consideration for an agreed upon disposition of the prior action. On the basis of that conclusion, the court held that CT Solid Surface could not prove an essential element of its vexatious litigation claim, and it rendered summary judgment in favor of Kantrovitz. This appeal followed.

CT Solid Surface claims that the trial court improperly rendered summary judgment in favor of Kantrovitz on its cross claim for vexatious litigation on the ground that CT Solid Surface failed to present evidence that tended to show that the prior action on which it based its cross claim had terminated in its favor. It essentially argues that the evidence, properly construed, definitively demonstrates that the prior action terminated in its favor, or, alternatively, that a genuine issue of material fact exists regarding whether the parties entered into a negotiated settlement. We disagree.

"The fundamental purpose of summary judgment is preventing unnecessary trials. . . . If a plaintiff is unable to present sufficient evidence in support of an essential element of his cause of action at trial, he cannot prevail as a matter of law. . . . To avert these types of ill-fated cases from advancing to trial, following adequate time for discovery, a plaintiff may properly be called upon at the summary judgment stage to demonstrate that he possesses sufficient counterevidence to raise a genuine issue of material fact as to any, or even all, of the essential elements of his cause of action. . . .

"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .

"It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Only if the defendant as the moving party has submitted no evidentiary proof to rebut the allegations in the complaint, or the proof submitted fails to call those allegations into question, may the plaintiff rest upon factual allegations alone. . . .

"[I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Brown* v. *Otake*, 164 Conn. App. 686, 699–701, 138 A.3d 951 (2016).

We turn next to the law governing claims of vexatious litigation. "In Connecticut, the cause of action for vexatious litigation exists both at common law and pursuant to statute. . . . [T]o establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice *and a termination of suit in the plaintiff's favor.* . . . The statutory cause of action for vexatious litigation exists under [General Statutes] § 52-568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages. . . . In the context of a claim for vexatious litigation, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Emphasis added; internal quotation marks omitted.) *MacDermid, Inc.* v. *Leonetti*, 158 Conn. App. 176, 183, 118 A.3d 158 (2015).

With respect to the favorable termination element, our Supreme Court has explained that "[c]ourts have taken three approaches to the 'termination' requirement. The first, and most rigid, requires that the action have gone to judgment resulting in a verdict of acquittal, in the criminal context, or no liability, in the civil context. The second permits a vexatious suit action even if the underlying action was merely withdrawn so long as the plaintiff can demonstrate that the withdrawal took place under circumstances creating an inference that the plaintiff was innocent, in the criminal context, or not liable, in the civil context. The third approach, while nominally adhering to the 'favorable termination' requirement, in the sense that any outcome other than a finding of guilt or liability is favorable to the accused party, permits a malicious prosecution or vexatious suit action whenever the underlying proceeding was abandoned or withdrawn without consideration, that is, withdrawn without either a plea bargain *or a settlement favoring the party originating the action.*" (Emphasis altered; footnotes omitted.) *DeLaurentis* v. *New Haven*, supra, 220 Conn. 250. Summing up the law as applied in Connecticut, our Supreme Court stated that "we have never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, *so long as the proceeding has terminated without consideration.*" (Emphasis added.) Id., 251. This comports with the court's earlier holding in *Blake* v. *Levy*, supra, 191 Conn. 264, that, if "a lawsuit ends in a negotiated settlement or compromise, it does not terminate in the plaintiff's favor and therefore will not support a subsequent suit for vexatious litigation. . . . This conclusion recognizes that the law favors settlements, which conserve scarce judicial resources and minimize the parties' transaction costs, and avoids burdening such settlements with the threat of future litigation." (Citations omitted.)

On the basis of our plenary review of the record, we agree with the conclusion of the court that "[t]he undisputed evidence that the parties exchanged consideration in the disposal of the underlying action clearly demonstrates that [CT Solid Surface] is unable to prove the essential element of favorable termination for the purpose of maintaining a vexatious litigation action." As the court explained in its memorandum of decision, Kantrovitz provided undisputed evidence concerning an exchange of consideration between Berkley and CT Solid Surface. Specifically, Kantrovitz submitted CT Solid Surface's responses to his request for admissions. "Any matter admitted [in response to a request for admissions] is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission." Practice Book § 13-24 (a). CT

Solid Surface never sought to withdraw or to amend its admissions. Relevant to the issue before us is CT Solid Surface's admission that, in the prior action, it "would not have agreed to a dismissal of its counterclaim against [Berkley] if [CT Solid Surface] did not receive, in exchange, a dismissal of [Berkley's] claims against it." In other words, CT Solid Surface reached a mutual agreement with Berkley to stipulate to a dismissal of its counterclaim in exchange for Berkley's promise to accept a dismissal of its action against CT Solid Surface. Although CT Solid Surface contends that it never executed any formal settlement agreement, and tries to portray what occurred as Berkley voluntarily agreeing to a dismissal of its complaint, that argument fails to recognize the legal import of the parties' agreement. As the trial court indicated in rejecting this argument, "[c]onsideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made" and an "exchange of promises is sufficient consideration . . . ." (Citation omitted; internal quotation marks omitted.) *Bilbao* v. *Goodwin*, 333 Conn. 599, 616–17, 217 A.3d 977 (2019). CT Solid Surface failed to provide any evidentiary support for its argument that there was a genuine issue of material fact as to whether a settlement occurred. "Mere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." (Internal quotation marks omitted.) *CitiMortgage, Inc.* v. *Coolbeth*, 147 Conn. App. 183, 193, 81 A.3d 1189 (2013), cert. denied, 311 Conn. 925, 86 A.3d 469 (2014).

In summary, Berkley's promise to agree to the dismissal of its complaint in exchange for CT Solid Surface's promise to agree to the dismissal of its counterclaim constituted a contractual agreement supported by consideration akin to a negotiated settlement of the action. Because that disposition favored "the party originating the action"; *DeLaurentis* v. *New Haven*, supra, 220 Conn. 250; it was not, as a matter of law, a termination of the action in favor of CT Solid Surface. Accordingly, Kantrovitz was entitled to summary judgment on the vexatious litigation cross claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The named plaintiff in the action underlying this appeal, Carolina Casualty Insurance Company (Carolina Casualty), is not a party to the cross complaint that is the subject of the appeal and has not participated in the present appeal. Although there has not been a final disposition of Carolina Casualty's complaint against CT Solid Surface, the court's disposition of all counts of the cross complaint nevertheless constitutes an appealable final judgment. See Practice Book § 61-2.

[2] Although we construe CT Solid Surface as having raised a single claim on appeal, it raises a number of arguments related to that claim, which it identifies in its brief as distinct claims of error. Specifically, it argues that the court improperly (1) determined that an exchange of consideration was relevant to the issue of whether the prior action had terminated in its favor, (2) concluded that it failed to provide evidentiary support for its assertion that Kantrovitz had failed to effectuate a settlement of the prior action, and

(3) failed to consider whether the action had been "voluntarily dismissed" after Kantrovitz' appearance in the prior action was replaced. Our resolution of these arguments is subsumed in our plenary consideration and rejection of its claim that the trial court improperly rendered summary judgment.

[3] According to the pleadings, a servicing agent underwrites and issues policies on behalf of the insurer and services policies by conducting audits and billing for premiums.

[4] The court indicated in its order denying the motion that it was not convinced the action was commenced through mistake; see Practice Book § 9-20; and, furthermore, the defendant had filed a counterclaim against the original plaintiff "making substitution inappropriate." *Berkley Net Underwriters, Inc.* v. *Connecticut Solid Surface, LLC*, supra, Superior Court, Docket No. CV-16-6034163-S (November 21, 2016).

[5] The initial cross complaint contained an additional count sounding in abuse of process. The court granted a motion to strike both counts of the cross complaint, agreeing with Kantrovitz that count one failed to state a claim of vexatious litigation because CT Solid Surface failed to allege that the prior action had terminated in its favor and that count two failed to state a claim for abuse of process because CT Solid Surface failed to allege that the filing of the prior action fell outside the purpose for which legal process was intended. CT Solid Surface filed an amended cross complaint with respect to the vexatious litigation count only, and judgment was rendered for Kantrovitz on the abuse of process count.

[6] After the court called the case, the following colloquy took place:

"Attorney Alfin: Thank you, Your Honor. Good morning. . . .

"The Court: Yes, sir. There's a motion to dismiss that's on?

"Attorney Alfin: Yeah, the defendant's motion to dismiss, the claim is on for today. There's also been filed a motion to dismiss the counterclaim. The parties have spoken about this matter and we have agreed to have confirmation be e-mailed that both motions can be granted today.

"The Court: Okay.

"Attorney Alfin: The case will be disposed of.

"The Court: So the entire case would be disposed of?

"Attorney Alfin: Yes, Your Honor.

"The Court: All right. And who did you contact?

"Attorney Alfin: Attorney [Robert] Ziegler, [the attorney for CT Solid Surface], who we went back and forth via e-mail confirming that.

"The Court: All right. So your representation is that both counsel have agreed that the motions to dismiss may be granted and that will dispose of the case?

"Attorney Alfin: Yes, Your Honor.

"The Court: All right. Thank you, sir.

"Attorney Alfin: Thank you, Your Honor.

"The Court: The motions are granted by agreement."

———————————————